Scott, Chief Judge.
The contract of lease between ■Stoddard, Sr., and Celey, set out in the petition in the court •below, created, by its express terms, a tenancy at will.
True, the rent was to be $13.00 a month, and was to be paid by Stoddard' & Co. out of Celey’s wages, monthly, or *483 half monthly, as might be most convenient. But the renting was to continue for “ so long as the parties shall mutually agree to continue the renting under this agreement.” And, again: “ Either party may put an end to said renting by giving the other party four dayls’ notice, in waiting, that this renting is to cease at the - expiration of four days from the service of such notice on the other party.” It is clear, from this language, that the tenant was to hold at the will of the lessor, though while the tenancy continued the rent-was to be paid monthly or half monthly. The character of the tenancy is not affected by the fact that four days’ notice of its determination, is provided for in the contract; for in a general tenancy at will, reasonable notice must be given by the party whose will determines it, to the other party ; and the contract here fixes the length of that notice. It is said by Blackstone : “An estate at will is where lands and tenements are let by one man to another, to have and to hold at the will of the lessor, and the tenant by force of this lease obtains possession.” 2 Bl. Com. 145; Litt. sec. 68. Such tenant has no certain indefeasible estate, nothing that can be assigned by him to any other, because the lessor may determine his will, and put him out whenever he pleases. 2 Bl. Com. 145 ; Taylor’s Land!, and Ten. 48.
Tenancy at will may be determined by implication of law. Such implication will arise on the death of either of the parties. So, if a tenant at will assigns over his estate to another, who enters on the land he is a disseisor, and the landlord may have an action of trespass against him. Greenl. Cruise on R. Pr. 244; Taylor’s Landl. and Ten. 48.
So, also, a desertion of the premises by the lessee, puts an end to a tenancy at will. For he thereby discontinues his lawful possession and terminates his relation to his lessor, which is only of a personal character, and he ceases to have any interest in the premises which he can transfer or control.
The plaintiff shows, by his petition, that Stoddard, the lessor, died November 1,1869, leaving the defendant his devisee of the premises. Celey, the lessee, continued in *484 possession till December 1st, when he undertook to sublet a part of the premises to the plaintiff'. It is not alleged that the defendant assented to this continuance of possession, or subletting. On the 7th of December, the lessee, Celey, removed wholly from the premises ; and, eight days afterward, the grievances occurred of which the plaintiff' complains. As against the defendant, the plaintiff acquired no rights by his contract with Celey, for the latter had none which he could transfer. The facts stated do not show that the relation of landlord and tenant was ever created between the parties to this suit. There was neither privity of estate, nor of contract between them. And the acts complained of were but the lawful exercise of the rights incident to the defendant’s ownership of the premises, and are not charged to have been attended with any unnecessary interference either with the plaintiff’s person or property.
¥e think the court below properly sustained the demurrer to the plaintiff’s petition, and its judgment is affirmed.
Day, Wright, Johnson, and Ashburn, JJ. concurred.